FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 01 2019 ★
BROOKLYN OFFICE

JD:PP
F. #2019R01208

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JASON SETO,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR 19-449
(T. 18, U.S.C., §§ 2422(b), 2428(a),
2252(a)(4)(B), 2252(b)(2), 2253(a),
2253(b) and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

KUNTZ, J.

ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Attempted Coercion and Enticement)

1. In or about and between August 2019 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JASON SETO, using one or more facilities and means of interstate and foreign commerce, to wit: the Internet and mobile Internet applications, did knowingly and intentionally attempt to persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense, to wit: rape in the second degree, in violation of New York Penal Law Section 130.30(1).

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT TWO
(Possession of Child Pornography)

2. In or about September 2019, within the Eastern District of New York and elsewhere, the defendant JASON SETO did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: images on a data storage device, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to one Apple iPhone X, IMEI Number 356722087855333, seized from the defendant on or about September 5, 2019 in Queens, New York.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

5. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and

(c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to one "PNY" 128 GB USB thumb drive, seized from the defendant's apartment on or about September 13, 2019 in Queens, New York.

      6.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

          (a) cannot be located upon the exercise of due diligence;

          (b) has been transferred or sold to, or deposited with, a third party;

          (c) has been placed beyond the jurisdiction of the court;

          (d) has been substantially diminished in value; or

          (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R01208

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JASON SETO,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2422(b), 2428(a), 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b) and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20*\_\_\_\_\_

_____ *Clerk*

*Bail, $* _____

*Philip Pilmar, Assistant U.S. Attorney (718) 254-6106*