UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

JASON SETO,

                          Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CR-449 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:** On April 16, 2021, Jason Seto ("Defendant") pled guilty to Count One of a two-count Superseding Information, charging him with attempted coercion and enticement of an individual who had not attained the age of 18 to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 48 months of incarceration, 5 years of supervised release with special conditions, compliance with the order of forfeiture, and a $100.00 special assessment.

## BACKGROUND

On September 6, 2019, the Government filed a criminal complaint against Defendant, alleging he knowingly attempted to persuade, induce, entice, or coerce an individual under the age of eighteen years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). On October 1, 2019, the Government filed a two-count Indictment charging Defendant with: (1) one count of attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b); and (2) one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). On April 16, 2021, Defendant waived indictment and pled guilty to Count One of a two-count Superseding Information charging him with (1) one count of attempted coercion and enticement of an individual who had not attained the age of eighteen to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); and (2) one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

2

i.  History and Characteristics of the Defendant

Defendant, now age 44, was born March 12, 1978 in Brooklyn, New York to Edward Seto and Deborah Nazarian. Presentence Investigation Report ("PSR") ¶ 39, ECF No. 38. When Defendant was four years old, his parents divorced. *Id.* Defendant's father, age 71, formerly worked as a superintendent to the school district in Franklin Township, New Jersey, and is now retired. *Id.* At some point, Defendant's father remarried Angela Seto, who passed away sometime between 1996 and 2000. *Id.* Defendant reports his relationship with his father was initially strained because his stepmother emotionally abused and neglected him. *Id.* ¶¶ 47-48. However, the two have since reconciled, and Defendant is now close with his father and communicates weekly with him. *Id.* ¶ 39. Defendant's mother, now age 65 or 66, works as an administrative assistant at a local eye doctor's office. *Id.* She married Harry Nazarian, who passed away in approximately 2014 or 2015. *Id.* Defendant reports his relationship with his mother is "complicated." *Id.* Defendant's parents are aware of his conviction and remain supportive of him. *Id.*

Defendant also has two half-siblings and two stepsiblings. *Id.* ¶ 41. Of the four, Defendant reports he is only close with Domino Nazarian, age 36, who is Defendant's maternal half-sister. *Id.* The two communicate every two weeks. *Id.* Ms. Nazarian is aware of Defendant's conviction and remains supportive of him. *Id.*

A lifelong New York City resident, from birth to the age of four, Defendant lived in a nuclear household in which his living needs were reportedly met and in which he endured neither abuse nor neglect. *Id.* ¶ 42. However, after his mother remarried, Defendant was the target of significant emotional and verbal abuse by his stepfather because Defendant identified as homosexual. *Id.* ¶¶ 42-44. His stepfather also abused Defendant's mother, forbade her from

3

working and from having friends, and threatened to kill her and her family if she left him. *Id.* ¶¶ 43-44. To escape this abuse, Defendant moved in with his aunt when he was in high school. *Id.* ¶ 45. Though he did not experience any physical or verbal abuse while living with his aunt, Defendant nonetheless struggled because his uncle suffered from alcoholism, mental illness, and suicidal ideation. *Id.* ¶ 46.

At the time of his arrest, Defendant lived alone in an apartment located in Astoria, New York. *Id.* ¶¶ 48, 50.

### ii. Physical, Mental, and Emotional Health

Defendant asserts he is of sound mental and emotional health. *Id.* ¶ 61. Defendant reported experiencing extreme panic attacks in approximately 2015 and attended therapy, which reportedly helped alleviate his anxiety. *Id.* With respect to physical health, Defendant is has infection issues and suffers from a herniated disc in his lower back.

### iii. Substance Abuse

Defendant has a history of drinking alcohol and smoking marijuana but states he never needed substance abuse treatment. *Id.* ¶ 62.

### iv. Educational, Vocational and Special Skills

In June of 1996, Defendant graduated from Benjamin N. Cardozo High School in Bayside, Queens. *Id.* ¶ 64. He then attended St. John's University at its Staten Island Campus. *Id.* ¶ 63. Defendant reports he struggled academically during college, but eventually earned a Bachelor of Arts in Communications in 2000. *Id.* ¶ 63.

### v. Employment Record

During high school and college, Defendant worked at several restaurants in New York City and Queens. *Id.* ¶ 74. From September of 2000 to June of 2002, Defendant worked as a

4

substitute teacher at several schools in New York City. *Id.* ¶ 73. From September 2002 to October 2009, Defendant worked in various roles for the Children's Museum of Manhattan, including as a birthday manager, event manager, and corporate event manager. *Id.* ¶ 72. He then worked as an assistant manager for the clothing company American Eagle from 2009 to 2010 and as a part-time per diem waiver service provider and a per diem family support specialist with New Alternatives for Children, Inc., a child welfare agency, from 2013 to 2017. *Id.* ¶¶ 69, 71. From 2015 to 2018, Defendant worked full-time as a community school director for Partnership with Children, where he helped develop and plan extracurricular programs for students. *Id.* ¶ 68. He then worked full-time as a community school director from 2018 to 2019 for the United Federation of Teachers and was assigned to Public School 48 in the South Bronx, New York. *Id.* ¶ 67.

In 2000, Defendant started his own independent contracting business, "3PM3AM Productions," and organized fundraising events for private companies. *Id.* ¶ 66. As part of this role, Defendant served as the artist manager for pop artist "Irazema" and helped plan fundraising events for The Foundation for AIDS Research, a global nonprofit organization dedicated to supporting AIDS research, HIV prevention, treatment education, and advocacy. *Id.* Beginning in March 2019, Defendant also worked as an executive producer for "Jason Seto Productions and Jake Resnicow," and allegedly helped plan The Pride Main Event 2019 at World Pride at the Jacob Javits Center in New York, New York. *Id.*

    vi.   <u>Criminal History</u>

After he was arrested for the instant offense, Defendant was found to be in possession of child pornography on a zip drive, for which he was charged. *Id.* ¶ 35. Defendant has no other reported criminal history. *Id.* ¶¶ 32-33.

      vii.   <u>Nature and Circumstances of the Offense</u>

On August 21, 2019, Defendant contacted an undercover FBI agent, who advised Defendant he was fourteen (14) years old, on a dating application. *Id.* ¶ 6. Defendant requested the parties continue the conversation on Telegram, an encrypted chat application, and repeatedly expressed interest in meeting with the supposed 14-year-old to have intercourse and watch child pornography. *Id.* ¶¶ 6-12. Throughout the conversation, Defendant sent the agent four videos, some of which appear to depict an underage male. *Id.* ¶ 10.

On September 5, 2019, after a consistent two weeks of Defendant discussing the sexual acts he wanted to perform with the agent, the two scheduled a meeting at a restaurant in LaGuardia Airport. *Id.* ¶ 13. Upon entering the restaurant, Defendant was arrested. *Id.* During a search of his apartment, law enforcement located a flash drive with approximately 30 videos of child pornography, including videos depicting infants. *Id.* ¶¶ 14-17.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and his attempt to exploit and abuse children and punishes Defendant accordingly. The Court's sentence seeks to deter Defendant from further criminal activity, promote respect for the law, and to deter others from similar illicit conduct.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of coercion and enticement in violation of 18 U.S.C. § 2422(b). The maximum term of imprisonment for this offense is life, and the minimum term is ten (10) years. 18 U.S.C. § 2422(b). By statute, Defendant also faces a maximum supervised release term of life and a minimum term of five years. 18 U.S.C. § 3583(k). In addition, the maximum fine is $250,000.00, *see* 18 U.S.C. § 3571(b), and a special assessment of $100.00 is mandatory, 18 U.S.C. § 3013. Defendant is also subject to the provisions of the Justice for Victims of Trafficking Act of 2015, pursuant to which the Court shall assess an amount of $5,000.00, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014. Defendant must also register as a sex offender. 18 U.S.C. § 4042(c). Finally, Defendant has consented to the forfeiture of (1) one Apple iPhone X bearing IMEI No. 356722087855333; and (2) one "PNY" 128 GB USB drive.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" USSG § 3553(a)(4)(A).

The applicable Guideline for a violation of 18 U.S.C. § 2422(b) is USSG § 2G1.3, which provides a base offense level of twenty-eight (28). Because the offense involved the use of a computer or an interactive computer service (cellphone) to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in prohibited sexual conduct, two (2) levels are added

7

per § 2G3.1(b)(3). But because Defendant has clearly demonstrated acceptance of responsibility for the offence, the offense level is decreased by two (2) levels. *Id.* § 3E1.1(a). A further one (1) level decrease is warranted because the Government was notified in a timely manner of Defendant's intention to plead guilty. *Id.* § 3E1.1(b). This results in at total offense level of twenty-seven (27), to which all parties agree.

All parties also agree Defendant has a criminal history category of one (I). For a total offense level of twenty-seven (27) and a criminal history category of one (I), the Guidelines imprisonment range is seventy (70) to eighty-seven (87) months. However, because the statutorily required minimum sentence of imprisonment under 18 U.S.C. § 2422(b) is ten (10) years, the parties further agree the applicable Guideline term of imprisonment is one hundred twenty (120) months. USSG § 5G1.1(b). The Guidelines further suggest a term of supervised release of five (5) years to life, *see* USSG § 5D1.2(b)(2), and a fine of between $25,000.00 and $250,000.00. *Id.* § 5E1.2(c)(3).

Probation recommends a sentence of forty-eight (48) months in the custody of the Attorney General, compliance with the order of forfeiture, five years of supervised release with special conditions, and a $100.00 special assessment. The Government moves for a sentence below the statutory mandatory minimum and below the applicable guidelines range. Defense counsel urges the Court to impose a sentence of time served, five years of supervised release, and a $100.00 special assessment.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). The Court has done so in this case.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to address "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 48 months of incarceration, 5 years of supervised release with special conditions, compliance with the order of forfeiture, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. The Court finds the Defendant indigent and therefore imposes no fine under 18 U.S.C. § 3014. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and any addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2022
      Brooklyn, New York